## MANN *v.* PEARSON.

Vendor and Purchaser—Misrepresentation as to Lake Frontage Justified Rescission.

Representation that lake property purchased for subdivision purposes had considerable lake frontage, when in fact it had only a few feet fronting on lake, entitled purchaser, who relied thereon and was deceived thereby, to rescission, although vendors believed representation to be true.

Appeal from Livingston; Collins (Joseph H.), J. Submitted October 10, 1929. (Docket No. 56, Calendar No. 34,533.) Decided January 24, 1930.

Bill by Arthur J. B. Mann and another against Alex H. Pearson and others to rescind a land contract. From a decree for plaintiffs, defendants appeal. Affirmed.

*Carl A. Lehman,* for appellants.

Sharpe, J. The bill of complaint herein was filed to secure rescission of a contract whereby plaintiffs transferred certain property to the defendant Alex H. Pearson and received from him a deed of land in the township of Hamburg, in the county of Livingston, described as follows:

> "The east half of the southeast quarter of the northwest fractional quarter of section 30, town 1 north, of range 5 east, Michigan. Above described land lies directly west of and corner on Half Moon Lake."

Plaintiffs had decree. Defendants appeal.

Arthur J. B. Mann (hereafter called the plaintiff) is a builder. He was also engaged in purchasing and subdividing real estate in Livingston county. His attention was called to this land by Chester C. Peach, a nephew of Dr. Pearson, who represented him in the transaction, and they together visited it. Plaintiff testified that Peach then pointed out the boundary lines of the land, from which it appeared that it contained about 400 feet of lake frontage. Peach, as a witness for defendants, testified:

> "I showed him where the north boundary was the first thing, where the west boundary was, where the road was a boundary, where the fence runs straight north and south as far as where it turned to the lake. I never made any definite boundary because I didn't know."

The deal was concluded on August 28, 1926. Soon thereafter, plaintiff discovered that the land had but a few feet of frontage on the lake, and, on Pearson's refusal to abrogate the contract, he brought this suit for rescission. His right thereto is the only question discussed by appellants in their brief.

The defense insists that Dr. Pearson gave plaintiff clearly to understand that he was simply selling him the land described in the deed, and that he must satisfy himself as to the lake frontage it contained; that, accompanied by Peach, plaintiff went to the office of the county surveyor of the county, and the three then went out to see the land, and that the surveyor then told plaintiff that the boundaries pointed out by Peach were not correct, and that the land had little, if any, lake frontage.

There is some uncertainty in the record as to what occurred when this visit to the land was made. It cannot be doubted that Peach thereafter insisted that the description did contain lake frontage. On the same day the deal was completed, as agent for Pearson he signed and delivered to plaintiff the following:

"I, Chester C. Peach, as agent for A. H. Pearson, hereby guarantee and represent in consideration of Arthur J. B. Mann purchasing the 20 acres on Half Moon Lake, described as follows: The east one-half of the southeast part of the northwest fractional quarter section thirty, township one north of range five east, Michigan. That said property has established lines on Half Moon Lake, including and covering portion of lake, and that we guarantee that the road leading to and from property had been established for a period of over fourteen years, and agree in the event water front rights, or egress or ingress should ever be contested, to protect Arthur J. B. Mann and provide the above."

Thereafter, plaintiff again interviewed Pearson about the matter and was shown a receipt for a down payment at the time of his purchase on June 26, 1926, in which the purchase price was stated therein to be $2,000 for "twenty acres of land on the

John Farley farm bordering on Half Moon Lake· with lake frontage.'' Plaintiff testified that Pearson then said to him,

''I have got lake frontage. * * * You go ahead subdivide it. If anyone contests it I will protect you.''

Further investigation satisfied plaintiff that title to but a few feet of lake frontage passed to him under his deed, and at the hearing the defendants did not claim, nor do their attorneys here claim, that he was mistaken.

It clearly appears from the testimony of the witnesses that Mann desired to purchase this property for subdivision purposes, and that his intention in this respect was communicated to both Dr. Pearson and Peach; that its value for this purpose was dependent upon its having a considerable frontage on the lake; that its fair value for farming purposes was about $250, and that he paid $5,000 for it and assumed a mortgage on it of $750. It also clearly appears that both Dr. Pearson and Peach at the time of the transfer believed that it had a considerable amount of frontage on the lake. But it did not have. The trial court heard and saw the witnesses, and personally inspected the property. He found that the plaintiff purchased relying upon the representations made to him by Peach as to the boundary lines of the land, that he was deceived thereby, and was entitled to rescission by reason thereof.

In our opinion these findings are sustained by the record. The decree is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.